RAMADAN v. BUSH et al

Translated by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

Doc. 8 Att.

*Justice is the Foundation of Governance*

# Al-Waqa'i  Al-Iraqiya

*Official Gazette of the Republic of Iraq*

## • Law of the Supreme Iraqi Criminal Tribunal

_____

**Number (4006)**

**14 Ramadan 1426 Hijri**

**Forty-Seventh Year**

**18 October 2005**

_____

Note: page setup is US letter. Due to variations in length page the numbering in this document does not match that of the Arabic original.

Dockets.Justia.com

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

---

# Resolution No. 10

## In the Name of the People

## The Presidency Council

Pursuant to what has been approved by the National Assembly in accordance with Article. 33 (A) and (B), and Article 30 of the Law of Administration for the State of Iraq for the Transitional Period, the presidency council decided in its session of 9 October 2005 to promulgate the following law:

## Number 10 of 2005

### Law

### of the Supreme Iraqi Criminal Tribunal

### SECTION ONE

### Establishment and Organization

### of the Tribunal

### PART ONE

### Establishment

### Article 1:

**First**: A Tribunal is hereby established and shall be known as The Supreme Iraqi Criminal Tribunal (the "Tribunal"). The Tribunal shall enjoy complete independence.

**Second**: The Tribunal shall have jurisdiction over every natural person, whether Iraqi or non-Iraqi resident of Iraq, accused of committing any of the crimes listed in Articles 11, 12, 13 and 14 of this law, committed during the period from 17 July 1968 to 1 May 2003, in the Republic of Iraq or elsewhere, including the following crimes:

    A. Genocide;

    B. Crimes against humanity;

    C. War crimes; and

    D. Violations of Iraqi laws listed in Article 14 of this law.

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

**Article 2:**

The Tribunal shall have its seat in the city of Baghdad. It may hold its sessions in any governorate, pursuant to a decree by the Council of Ministers upon the recommendation of the President of the Tribunal.

## PART TWO
### Organizational Structure of the Tribunal

**Article 3:**

The Tribunal shall consist of:

**First:**

> A. An Appeals Chamber with the power to review the rulings and decisions of the Trial Chambers or Investigative Judges
>
> B. One or more Trial Chambers.
>
> C. Investigative judges.

**Second:** Prosecutions Department

**Third:** An administration providing administrative and financial services to the Tribunal and the Public Prosecution.

**Fourth:**

> **A.** The Appeals Chamber shall consist of nine judges who shall elect one of its members as a President. The President of the Appeals Chamber shall be the senior President of the Tribunal and shall supervise its administrative and financial affairs.
>
> **B.** The Trial Chamber shall consist of five judges, who shall elect one of them as a President to supervise their work.

**Fifth:** The Council of Ministers may, if necessary, and on the basis of a proposal by the President of the Tribunal, appoint non-Iraqi judges who have experience in the crimes stipulated in this Law, and who shall be persons of high moral character, honesty and integrity, in the event that one of the parties is a State. These judges shall be appointed with the assistance of the international community, including the United Nations.

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

# PART THREE

## Selection of Judges and Prosecutors and Termination of Service

**Article 4:**

**First:** Judges and prosecutors shall be persons of high moral character, honesty and integrity, and shall have experience in the field of criminal law and meet conditions for appointment stipulated in the Judicial Organization Law 160 of 1979 and the Public Prosecution Law 159 of 1979

**Second**: As an exception to the provisions of paragraph First of this Article, candidates for the positions of judges at the Appeals Chamber and the Trial Chambers, and for investigative judges and prosecutors shall be serving judges and prosecutors. Retired judges and prosecutors can be nominated regardless of age, as can Iraqi lawyers who possess a high level of, efficiency and experience, and absolute competence in accordance with the Legal Profession Law. 173 of 1965, and service of a judicial or legal nature or in the field of legal practice of no less than 15 years.

**Third**:

A. The Supreme Judicial council shall nominate all judges and prosecutors to the Tribunal. Following approval by the Council of Ministers, a decision for their appointment shall be issued by the Presidency Council. The appointments shall be of the first category, as an exception to the provisions of the Judicial Organization Law and the Public Prosecution Law. Their salaries and remunerations shall be specified through instructions issued by the Council of Ministers.

B. The judges, prosecutors and employees appointed in accordance with the law prior to this legislation shall be deemed legally approved as of the date of their appointment according to the provisions of Article (4)(Third)(A) taking into account the provisions of Article (33) of this law.

**Fourth:** The Presidency Council, upon a recommendation from the Council of Ministers, may transfer judges and prosecutors from the Tribunal to the Supreme Judicial Council for any reason.

**Fifth:** The services of a judge or prosecutor covered by the provisions of this law shall be terminated for one of the following reasons:

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

---

    1. If he is convicted of a non-political felony.

    2. If he presents false information.

    3. If he fails to fulfill his duties without good reason.


**Article 6:**

**First:** A committee comprised of five members elected from among the Tribunal's judges and prosecutors shall be established under the supervision of the Tribunal's Appeals Chamber, and they shall select a president of the committee, which shall be called "Judges and Public Prosecutors Affairs Committee". The committee shall operate for one year and shall have the powers stipulated in the Judicial Organization Law and the Public Prosecution Law. It shall review matters relating to disciplinary measures and conditions of service pertaining to judges and prosecutors. Its decisions can be appealed before the full chamber of the Federal Appeal Court where they involve the termination of the services of a judge or prosecutor. **Second:** The Committee shall, if the appeal before the full chamber of the Federal Appeal Court is rejected, submit a recommendation to the Council of Ministers for the issuance of an order by the Presidency Council to terminate the services of the judge or prosecutor, including the President of the Tribunal if any of the conditions in Article 6 of this Article (sic) is met.

**Third:** Upon completion of the work of the Tribunal, the judges and prosecutors shall be transferred to the Supreme Judiciary Council to work in the federal courts. Those who have reached retirement age shall be pensioned off in accordance with the provisions of the law.

## PART FOUR

### The Presidency of the Tribunal

**Article 7:**

**First:** The president of the Tribunal shall:

    A. Preside over the hearings of the Appeals Chamber.

    B. Assign permanent and reserve judges to the Trial Chambers.

    C. Assign a judge to a Trial Chamber in case of absence.

    D. Ensure the completion of the administrative work of the Tribunal.

---

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

E. Appoint the Tribunal's Administrative Director, Security Director, Public Relations Director and Archives and Documentation Director and terminate their services in accordance with the law.

F. Name an official spokesperson for the Tribunal from among the judges or prosecutors.

**Second:** The President of the Tribunal may appoint non-Iraqi experts to work in the Trial Chambers and the Appeals Chamber to provide assistance in the field of international law and similar areas, whether international or otherwise. The appointment of these experts shall be undertaken with the assistance of the international community, including the United Nations.

**Third:** Non-Iraqi experts provided for in paragraph Second of this Article shall be persons of high moral character, honesty and integrity. The non-Iraqi expert shall preferably be a person who has previously worked in the judiciary or public prosecution in his country or in international war crimes tribunals.

# PART FIVE
## Investigative Judges

**Article 8:**

**First: A** Sufficient number of Investigative Judges shall be appointed.

**Second:** The Tribunal's Investigative Judges shall be responsible for investigating those accused of committing crimes stipulated in Article 1(Second) of this law.

**Third:** The Investigative Judges shall elect a Chief Investigative Judge and a Deputy from amongst them.

**Fourth:** The Chief Investigative Judge shall assign cases under investigation to individual Investigative Judges.

**Fifth:** Each of the Investigative Judges' Offices shall be composed of an Investigative Judge and such other qualified staff necessary as may be required for the work of the Investigative Judge.

**Sixth:** An Investigative Judge may gather prosecution evidence from whatever source he deems appropriate and to communicate directly with all relevant parties.

**Seventh:** The Investigative Judge shall act with complete independence as a separate organ of the Tribunal. He shall not be subject to or respond to requests or instructions from any governmental body or any other party.

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

**Eight:** The decisions of the Investigative Judge can be challenged by appeal to the Appeals Chamber within fifteen days of the notification or deemed notification of the decision in accordance with the law.

**Ninth**: The Investigative Judge, after consultation with the President of the Tribunal, may appoint non-Iraqi experts to provide judicial assistance to the Investigative Judges in the investigation of cases provided for in this Law, whether international or otherwise. The Chief Investigative Judge may appoint these experts with the assistance of the international community, including the United Nations.

**Tenth:** The non-Iraqi experts and observers referred to in paragraph Ninth of this Article shall be persons of high moral character, honesty and integrity. The non-Iraqi expert or observer shall preferably be a person who has worked in the judiciary or public prosecution in his country or at international war crimes tribunals.

## PART SIX

## The Public Prosecution

**Article 9:**

**First:** A sufficient number of Prosecutors shall be appointed.

**Second:** The Prosecution Department shall be composed of a number of Prosecutors who shall be responsible for the prosecution of persons accused of crimes that fall within the jurisdiction of the Tribunal.

**Third**: Prosecutors shall elect a Chief Prosecutor and a Deputy from among them.

**Fourth**: Each Prosecution Office shall be composed of a Prosecutor and such other qualified staff as may be required for the Prosecutor's work.

**Fifth**: Each prosecutor shall act with complete independence since he is considered as a separate entity from the Court. He shall not fall under, nor receive instructions from, any government department or from any other party. Each Prosecutor shall act with complete independence as a separate organ of the Tribunal. He shall not be subject to or respond to requests or instructions from the government or any other party.

**Sixth**: The Chief Prosecutor shall assign to Prosecutors cases requiring investigation and prosecution in court [Literally, presenting the case at the stage of trial] in accordance with the powers granted to the Prosecutors by law.

**Seventh:** The Chief Prosecutor, in consultation with the President of the Tribunal, may appoint non-Iraqi experts to provide assistance to the Prosecutors with regard to

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

the investigation and prosecution of cases provided for in this Law, whether international or otherwise. The Chief Prosecutor may appoint these experts with the assistance of the international community, including the United Nations.

**Eighth**: The non-Iraqi experts referred to in paragraph Seventh of this Article shall be persons of high moral character, honesty and integrity. The non-Iraqi expert shall preferably be a person who has acted in a prosecutorial capacity in his country or at international war crimes tribunals.

## PART SEVEN

### The Administration Department

**Article 10:**

**First:** The Administration Department shall be managed by an officer with the title of Department Director who holds a bachelor degree in law and has judicial and administrative experience. He shall be assisted by a number of employees in managing the affairs of the department.

**Second:** The Administration Department shall be responsible for the administrative, financial and servicing affairs of the Tribunal and the Prosecutions Department.

## SECTION TWO

## Court Jurisdiction

### PART ONE

### The Crime of Genocide

**Article 11:**

**First:** For the purposes of this Law and in accordance with the Convention on the Prevention and Punishment of the Crime of Genocide, dated 9 December 1948, as ratified by Iraq on 20 January 1959, "genocide" means any of the following acts committed with intent to destroy, in whole or in part, a national, ethnic, racial or religious group as such:

A. Killing members of the group;

B. Causing serious bodily or mental harm to members of the group;

C. Deliberately inflicting on the group living conditions calculated to bring about its physical destruction in whole or in part;

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

D. Imposing measures intended to prevent births within the group.

E. Forcibly transferring children of the group to another group.

**Second:** The following acts shall be punishable

A. Genocide.

B. Conspiracy to commit genocide.

C. Direct and public incitement to commit genocide.

D. Attempt to commit genocide.

E. Complicity in genocide.


# PART TWO
## Crimes Against Humanity

### Article 12

**First**: For the purposes of this Law, "crimes against humanity" means any of the following acts when committed as part of a widespread or systematic attack directed against any civilian population, with knowledge of the attack:

A. Willful killing;

B. Extermination;

C. Enslavement;

D. Deportation or forcible transfer of population;

E. Imprisonment or other severe deprivation of physical liberty in violation of fundamental norms of international law;

F. Torture;

G. Rape, sexual slavery, enforced prostitution, forced pregnancy, or any other form of sexual violence of comparable gravity;

H. Persecution against any specific party or population on political, racial, national, ethnic, cultural, religious, gender or other grounds that are impermissible under international law, in connection with any act referred to as a form of sexual violence of comparable gravity;

I. Enforced disappearance of persons; and

J. Other inhumane acts of a similar character intentionally causing great suffering, or serious injury to the body or to the mental or physical health.

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org, April 12, 2006.

*Laws*

**Second**: For the purposes of implementing the provisions of paragraph First of this Article:

A. "Attack directed against any civilian population" means a course of conduct involving the multiple panel of acts referred to in paragraph First of this Article against any civilian population, pursuant to or in furtherance of a state or organizational policy to commit such attack;

B. "Extermination" means the intentional infliction of living conditions, such as the deprivation of access to food and medicine, with the intent to bring about the destruction of part of the population;

C. "Enslavement" means the exercise of any or all of the powers entailed by the right of ownership over a person and includes the exercise of such power in the course of trafficking in persons, particularly women and children;

D. "Deportation or forcible transfer of population" means forced displacement of the persons concerned by expulsion or other coercive acts from the area in which they are lawfully present, without grounds permitted under international law;

E. "Torture" means the intentional infliction of severe pain or suffering, whether physical or mental, upon a person in the custody or under the control of the accused; except that torture shall not include pain or suffering arising from, or related to legal punishments;

F. "Persecution" means the intentional and severe deprivation of fundamental rights contrary to international law by reason of the identity of the group or population; and

G. "Enforced disappearance of persons" means the arrest, detention or abduction of persons by, or with the authorization, support or acquiescence of, the State or a political organization, followed by a refusal to acknowledge that deprivation of freedom or to give information on the fate or whereabouts of those persons, with the intention of removing them from the protection of the law for a prolonged period of time.

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

# PART THREE

## War Crimes

### Article 13

For the purposes of this Law, "war crimes" shall mean the following:

**First**: Grave breaches of the Geneva Conventions of 12 August 1949, namely any of the following acts against persons or property protected under the provisions of the relevant Geneva Convention:

    A. Willful killing;

    B. Torture or inhuman treatment, including biological experiments;

    C. Willfully causing great suffering, or serious injury to body or health;

    D. Extensive destruction and appropriation of property not justified by military necessity and carried out unlawfully and wantonly;

    E. Compelling a prisoner of war or other protected person to serve in the forces of a hostile power;

    F. Willfully denying the right of a fair regular trial to a prisoner of war or other protected person;

    G. Unlawful confinement;

    H. Unlawful deportation or transfer; and

    I. Taking of hostages.

**Second**: Other serious violations of the laws and customs applicable in international armed conflicts, within the established framework of international law, namely any of the following acts:

    A. Intentionally directing attacks against the civilian population as such or against individual civilians not taking direct part in hostilities;

    B. Intentionally directing attacks against civilian objects, including objects which do not constitute military objectives;

    C. Intentionally directing attacks against personnel, installations, material, units or vehicles used in humanitarian assistance or peacekeeping missions in accordance with the Charter of the United Nations, as long as such missions are entitled to the protection given to civilians or civilian objects under the international law of armed conflicts;

    D. Intentionally launching an attack in the knowledge that such attack will cause incidental loss of life or injury to civilians or civilian damage which

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

would be clearly excessive in relation to the concrete and direct overall military advantages anticipated;

E. Intentionally launching an attack in the knowledge that such attack will cause widespread, long-term and severe damage to the natural environment, which would be clearly excessive in relation to the concrete and direct overall military advantage anticipated;

F. Attacking or bombarding, by whatever means, towns, villages, dwellings or buildings which are undefended and which are not military objectives;

G. Killing or wounding a combatant who, having laid down his arms or having no longer means of defense, has clearly surrendered;

H. Making improper use of a flag of truce, or the flag, or the military insignia and uniform of the enemy or of the United Nations, as well as of the distinctive emblems of the Geneva Conventions, resulting in death or serious personal injury;

I. The transfer, directly or indirectly, by the Government of Iraq or any of its agencies (including, for clarification, any of the agencies of the Arab Ba'ath Socialist Party), of parts of its own civilian population into any territory it occupies, or the deportation or transfer of all or parts of the population of the occupied territory within or outside this territory;

J. Intentionally directing attacks against buildings which do not constitute military objectives, and are dedicated to religious, educational, artistic, scientific or charitable purposes, or against historic monuments, hospitals and places where the sick and wounded are collected;

K. Subjecting persons of another nation to physical mutilation or to medical or scientific experiments of any kind that are neither justified by the medical, dental or hospital treatment of the person concerned nor carried out in his or her interest, and which cause death to or seriously endanger the health of such person or persons;

L. Killing or wounding treacherously individuals belonging to a hostile nation or army;

M. Declaring that no person is still alive[1];

---

[1] This is a literal rendering of the Arabic phrase. It is a possible mistranslation of the English 'Declaring that no quarter will be given'.

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

N. Destroying or seizing the civilian property of an adverse party unless such destruction or seizure be imperatively required by the necessities of war;

O. Declaring the abolition, suspension or prohibition of access to a court of law, with the intention of depriving the nationals of the hostile party from seeking their rights;

P. Compelling the nationals of the hostile party to take part in military operations directed against their own country, even if they were in the belligerent's service before the commencement of the war;

Q. Pillaging a town or place, even when taken by force;

R. Using poisons or poisoned weapons;

S. Using asphyxiating, poisonous or any other gases, as well as any other similar liquids, materials or devices;

T. Using bullets, which expand or flatten easily in the human body, such as bullets with a hard envelope, which does not entirely cover the core or is pierced

U. Committing outrages upon personal dignity, in particular humiliating and degrading treatment;

V. Committing rape, sexual slavery, enforced prostitution, forced pregnancy, or any other form of sexual violence of comparable gravity;

W. Utilizing the presence of civilians or other protected persons to render certain points, areas or military forces immune from military operations;

X. Intentionally directing attacks against buildings, material and medical units, means of transport, and personnel using the distinctive emblems of the Geneva Conventions in conformity with international law;

Y. Intentionally using starvation of civilians as a method of warfare by depriving them of material indispensable to their survival, including willfully impeding relief supplies as provided for under international law; and

Z. Conscripting or enlisting children under the age of fifteen years into the national armed forces or using them to participate actively in hostilities.

**Third**: In the case of an armed conflict, any of the following acts committed against persons taking no active part in the hostilities, including members of armed forces

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

who have laid down their arms and those placed *hors de combat* by sickness, injury, detention or any other cause:

> A. Use of violence against life and persons, in particular killing of all kinds, mutilation, cruel treatment and torture;

> B. Committing outrages upon personal dignity, in particular humiliating and degrading treatment;

> C. Taking of hostages; and

> D. The passing of sentences and the carrying out of executions without previous judgment pronounced by a regularly constituted court, affording all recognized and indispensable judicial guarantees.

**Fourth**: Other serious violations of the laws and customs of war applicable in armed conflict not of an international character. [sic] within the established framework of international law, specifically any of the following acts:

> A. Intentionally directing attacks against the civilian population as such or against civilian individuals not taking direct part in hostilities;

> B. Intentionally directing attacks against buildings, materials, medical transportation units and means, and personnel using the distinctive emblems of the Geneva Conventions in conformity with international law;

> C. Intentionally directing attacks against personnel, installations, materials, units, or vehicles used in humanitarian assistance or peacekeeping missions in accordance with the Charter of the United Nations, as long as they are entitled to the protection given to civilians or civilian targets under the international law of armed conflict;

> D. Intentionally directing attacks against buildings dedicated to religious, educational, artistic, scientific or charitable purposes, or against historic monuments, hospitals and places where the sick and wounded are collected, provided they are not military objectives;

> E. Pillaging any town or place, even when taken over by force;

> F. Committing rape, sexual slavery, enforced prostitution, forced pregnancy, or any other form of sexual violence of comparable gravity;

> G. Conscripting or listing children under the age of fifteen years into armed forces or groups or using them to participate actively in hostilities;

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

H. Ordering the displacement of the civilian population for reasons related to the conflict, unless the security of the civilians involved or imperative military reasons so demand;

I. Killing or wounding treacherously a combatant adversary;

J. Declaring that no person is still alive;

K. Subjecting persons who are under the power of the other party in the conflict to physical mutilation or to medical or scientific experiments of any kind that are neither justified by the medical, dental or hospital treatment of the person concerned nor carried out in his or her interest, causing death to such person or persons, or seriously endangering their health; and

L. Destroying or seizing the property of an adversary, unless such destruction or seizure is imperatively demanded by the necessities of the conflict.

## PART FOUR
### Violations of Iraqi Laws

### Article 14

The Tribunal shall have the power to prosecute persons who have committed the following crimes:

**First**: Interference in the affairs of the judiciary or attempting to influence its functioning.

**Second**: The wastage and squandering of national resources, pursuant to Article 2(g) of the Punishment of Conspirators against Public Safety and Corrupters of the System of Governance Law 7 of 1958.

**Third**: The abuse of position and the pursuit of policies that have almost led[2] to the threat of war or the use of the Iraqi armed forces against an Arab country, in accordance with Article 1 of Law 7 of 1958.

**Fourth:** If the Tribunal finds that the special element of any of the crimes stipulated in Articles 11, 12 and 13 of this Law is missing, and establishes that the act involved constitutes a crime punishable under the Penal Code or any other penal law at the time of its commission, the Tribunal shall be competent to hear the case

---

[2] The intended meaning here is 'may lead to…'

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

## SECTION THREE

## Individual Criminal Responsibility

### Article 15

**First**: A person who commits a crime within the jurisdiction of this Tribunal shall be individually responsible and liable for punishment in accordance with this Law.

**Second**: In accordance with this Law, and the provisions of the Penal Code, a person shall be criminally responsible if he [or she]:

A. Commits such a crime, whether as an individual, jointly with another or through another person, regardless of whether that [other] person is criminally responsible;

B. Orders, solicits or induces the commission of such a crime, which has occurred or has been attempted;

C. For the purpose of facilitating the commission of such a crime, aids, abets or by any other means assists in its commission or its attempted commission, including providing the means for its commission;

D. Contributing by any other means, together with a group of persons with a common criminal intent, to the commission or attempted commission of such a crime provided such contribution is intentional and is either:

1. Made with the aim of furthering the criminal activity or criminal purpose of the group, where such activity or purpose involves the commission of a crime within the jurisdiction of the Tribunal;

2. Made with the knowledge of the intention of the group to commit the crime;

E. In respect of the crime of genocide, directly and publicly incites others to commit this crime;

F. Attempts to commit such a crime by taking action with the intention of committing it, but the crime does not occur because of circumstances independent of the person's intentions. However, a person who takes an action that precludes the commission or completion of the crime shall not be liable for punishment, nor will he be liable for punishment under this Law if he completely and voluntarily abandons his criminal purpose.

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

**Third**: The official position of any accused person, whether as president of the State, chairman or member of the Revolution Command Council, prime minister or member of the cabinet, or a member of the leadership of the Ba'ath Party, shall not relieve such person of criminal responsibility nor mitigate punishment. No person is entitled to any immunity with respect to any of the crimes stipulated in Articles 11, 12, 13 and 14 of this Law.

**Fourth**: A superior is not relieved of the criminal responsibility for crimes committed by his subordinates, if he knew or had reason to know that the subordinate had committed, or was about to commit such acts, and the superior failed to take the necessary and reasonable measures to prevent such acts or to refer the matter to the competent authorities for investigation and prosecution.

**Fifth**: The fact that an accused person acted pursuant to an order of the Government or of his superior shall not relieve him of criminal responsibility, but may be considered in mitigation of punishment if the Tribunal determines that justice so requires.

**Sixth:** Amnesty decrees issued prior to this Law coming into force do not apply to persons accused of committing any of the crimes stipulated in it.

## SECTION FOUR
### Rules of Procedure and Evidence

**Article 16**

The Tribunal shall follow the rules of procedure provided for in the Criminal Procedure Law 23 of 1971 and the Rules of Procedures and Evidence appended to this Law, of which it shall be considered an integral part.

## SECTION FIVE
### General Principles of Criminal Law

**Article 17**

**First:** In the absence of provisions in this Law and the rules made thereunder, the general principles of criminal law contained in the following laws shall be applicable in connection with the prosecution and trial of any accused persons:

A-     For the period 17/7/1968 to 14/12/1969, the Baghdadi Penal Code of 1919

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

B-    For the period 15/12/1969 to 1/5/2003, the Penal Code No. 111 of 1969, which was in force in1985 (Third Edition),

C-    The Military Penal Code No.13 of 1940, and the Code of Military Procedure No. 44 of 1941.

**Second**: In interpreting Articles 11, 12 and 13 of this Law, the Trial Chamber and Appeals Chamber may resort to the [relevant] decisions of international criminal tribunals.

**Third**: Grounds for exclusion of criminal responsibility under the Penal Code shall be implemented in a manner consistent with this Law and with international legal obligations concerning crimes within the jurisdiction of the Tribunal

**Fourth**: The crimes stipulated in Articles 11, 12, 13, and 14 of this Law shall not be subject to any statute of limitations.

## SECTION SIX
### Investigations and Indictment

**Article 18**

**First**: The Tribunal Investigative Judge shall initiate investigations on the basis of information obtained from any source, particularly from the police or any governmental or non-governmental source.  The Investigative Judge shall assess the information received and decide whether there is sufficient basis to proceed

**Second**: The Investigative Judge shall have the power to question suspects, victims or their relatives, and witnesses, to collect evidence and to conduct on-site investigations.  In carrying out his tasks, the Investigative Judge may, as appropriate, request the assistance of the relevant governmental authorities, who shall be required to provide full cooperation with the request

**Third**: Upon a determination that a *prima facie* case exists, the Investigative Judge shall prepare an indictment containing a concise statement of the facts and the crime with which the accused is charged under the Law, and shall refer the case to the Trial Chamber.

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

# PART ONE

## Rights[3] of the Accused

### Article 19

**First**: All persons shall be equal before the Tribunal.

**Second**: The accused shall be presumed innocent until proven guilty before the Tribunal in accordance with this law.

**Third** Every accused shall be entitled to a public hearing, in accordance with the provisions of this law and the rules of procedure made hereunder.

**Fourth**: When bringing charges against the accused pursuant to this Law, the accused shall be entitled to a fair impartial trial in accordance with the following minimum guarantees:

A. To be informed promptly and in detail of the content, nature and cause of the charge against him;

B. To have adequate time and facilities for the preparation of his defense and to communicate freely with counsel of his own choosing and to meet with him in private. The accused is entitled to have non-Iraqi legal representation so long as the principal lawyer of such accused is Iraqi;

C. To be tried without undue delay;

D. To be tried in his presence, and to be assisted by counsel of his own choosing, or to be informed of his right to request legal assistance if he cannot afford it; and to have the right to seek such assistance that will allow him to appoint a lawyer without paying the fees;

E. To have the right to call and examine defence and prosecution witnesses, and to present any evidence in his defense in accordance with the law.

F. Not to be compelled to confess guilt, and to have the right to remain silent and not to testify without such silence being interpreted as evidence of guilt or innocence

---

[3] The Arabic word used is ضمانات, which literally means guarantees, but the intended meaning is 'rights'.

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

## SECTION SEVEN

## Trial Proceedings

### Article 20

**First**: A person against whom an indictment has been issued shall be taken into custody, pursuant to an arrest order or warrant issued by the Tribunal Investigative Judge, and shall be immediately informed of the charges against him and transferred to the Tribunal.

**Second**: The Trial Chamber shall ensure a fair and expeditious trial conducted in accordance with this Law and the Rules of Procedure and Evidence annexed it, with full respect for the rights of the accused and due regard for the protection of victims or their relatives, and witnesses.

**Third**: The Trial Chamber shall read the indictment, satisfy itself that the rights of the accused are respected and guaranteed, ensure that the accused understands the charge or charges against him, and instruct the accused to enter a plea.

**Fourth**: The hearings shall be public unless the Trial Chamber decides to close the proceedings in accordance with the Rules of Procedure and Evidence annexed to this Law. The decision to close the proceedings shall be exercised on a very limited basis.

### Article 21

The Trial Chamber shall provide for the protection of victims or their relatives, and witnesses, in accordance with the Rules of Procedure and Evidence annexed to this Law, including the protection of the identity of the victims or their relatives, and witnesses.

### Article 22

Relatives of victims and harmed persons who are Iraqi nationals may bring civil suits against the accused for damages resulting from acts which constitute crimes under this Law. The Tribunal shall have the power to adjudicate such claims in accordance with the Code of Criminal Procedure No 23 of 1971 and other relevant laws.

### Article 23

**First**: The Trial Chamber shall pronounce judgments and impose sentences and penalties on persons convicted of crimes within the jurisdiction of the Court.

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

**Second**: The judgment shall be rendered by a majority of the judges of the Trial Chamber, and shall be delivered by the Trial Chamber in public. The judgment shall not be issued except on the basis of a decision to convict, to which the opinions of dissenting judges may be appended.

## Article 24

**First**: The penalties imposed by the Tribunal shall be those prescribed by the Penal Code No. 111 of 1969, except for a sentence of life imprisonment that means the remaining natural life of the convicted person, taking into account the provisions stipulated in Article 17 of this Law.

**Second**: The penalties for the crimes under Article 14 of this Statute shall be those prescribed under Iraqi Penal Code and other penal laws.

**Third**: Taking into account paragraphs Fourth and Fifth of this article, the Trial Chambers shall determine the penalties for the crimes under Articles 11, 12 and 13 of this Law

**Fourth**: A person convicted of crimes stipulated in the Penal Code shall be punished if committed:

      A. Murder or rape as defined under the Penal Code.

      B. Complicity in the commission of murder or rape.

**Fifth**: The penalty for any crimes under Articles 11, 12, 13 which do not have a counterpart under Iraqi law shall be determined by the Trial Chambers taking into account such factors as the gravity of the crime, the individual circumstances of the convicted person, guided by judicial precedents and relevant sentences issued by the international criminal tribunals.

**Sixth**: The Trial Chambers may order the forfeiture of assets, property or proceeds derived directly or indirectly from a crime, without prejudice to the rights of the *bona fide* third parties.

**Seventh**: In accordance with Article 307 of the Code of Criminal Procedure, the Trial Chambers shall have the authority to confiscate any material or goods prohibited by law regardless of whether the case has been discharged for any lawful reason.

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

# SECTION EIGHT

## Appeals Proceedings

## PART ONE

## Cassation

### Article 25

**First**: The convicted person or the Prosecutor may contest the verdicts and decisions by appealing in cassation to the Appeals Chamber on the following grounds:

    a. If the verdict is in contradiction with the law or there is an error in interpreting it.

    b. An error of procedure.

    c. An error of material fact which has occasioned a miscarriage of justice.

**Second**: The Appeals Chamber may affirm, reverse or revise the decisions taken by the Trial Chambers or the Investigative Judge

**Third**: Where the Appeals Chamber reverses a verdict of acquittal or release issued by the Trial Chamber or the Investigative Judge, the case shall be referred back to the Trial Chamber for retrial or to the Investigative Judge for implementation of its decision.

**Fourth:** The period allowed for the lodging of appeals shall be in accordance with the provisions of the Code of Criminal Procedure No. 23 of 1971, unless otherwise provided for.

## PART TWO

## Retrial

### Article 26

**First**: Where new findings or facts have been discovered which were not known at the time of the proceedings before the Trial Chamber or the Appeals Chamber and which could have been a decisive factor in reaching the verdict, the convicted person or the Prosecutor may submit to the Tribunal an application for a retrial

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and
comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

**Second**: The Tribunal shall reject the application if it considers it to be unfounded. If
the Tribunal determines that the application has merit[4], it may, after hearing the
parties, and with a view to amending the judgment:

> a. Send the case back to the original Trial Chamber to review it; or
>
> b. Send the case to another Trial Chamber; or
>
> c. The Appeals Chamber reviews the case.

## SECTION NINE
### Enforcement of Sentences

### Article 27

**First:** Sentences shall be carried out in accordance with the law.

**Second:** No authority, including the President of the Republic, may grant a pardon or
reduce the penalties issued by this Tribunal. Penalties shall be enforceable within
thirty days of the sentence or decision reaching finality.

## SECTION TEN
### General and Final Provisions

### Article 28

Investigative judges, Trial Chamber judges, members of the Prosecutions Department,
Director of the Administration Department and Tribunal personnel shall be Iraqi
nationals, taking into account Article 4 (Third) of this Law.

### Article 29

**First**: The Tribunal and the national courts shall have concurrent jurisdiction to
prosecute persons accused of the crimes prescribed in Article 14 of this Statute

**Second**: The Tribunal shall have primacy over all other Iraqi courts with respect to its
jurisdiction over the crimes prescribed in Articles 11, 12 and 13 of this Law.

**Third**: At any stage of the proceedings, the Tribunal may demand of any other court
to transfer any case being tried by it involving any crimes prescribed in Articles 11,
12, 13 and 14 of this Law, and such court shall be required to transfer such case on
demand.

---

[4] Literally, …'that the application is based on convincing grounds...'

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

**Fourth**: At any stage of the proceedings, the Tribunal may demand of any other court to transfer any case being tried by it involving any crimes prescribed in Articles 13, 14, 15 and 16 of this Law, and such court shall be required to transfer such case upon demand

## Article 30

**First**: No person shall be tried before any other Iraqi court for crimes for which he has already been tried by the Tribunal, in accordance with Articles 300 and 301 of the Code of Criminal Procedure.

**Second**: A person who has been tried by any Iraqi court for a crime or crimes within the jurisdiction of the Tribunal may not be subsequently tried by the Tribunal unless the Tribunal determines that the previous court proceedings were not impartial or independent, or were designed to shield the accused from criminal responsibility. When taking a decision to order a retrial, one of the conditions contained in Article 196 of the Code of Civil Procedure and the requirements of Article 303 of the Code of Criminal Procedure must be met[5].

**Third**: In determining the penalty to be imposed on a person convicted of a crime under this Law, the Tribunal shall take into account the time served of any penalty imposed by an Iraqi court on the same person for the same crime.

## Article 31

**First**: The President of the Tribunal, the Judges, the Investigation Judges, the Prosecutors, the Director of the Administration Department and the Tribunal staff shall have immunity from civil suits with respect to their official duties.

**Second**: Other persons, including the accused, shall be accorded such treatment as is necessary for the proper functioning of the Tribunal.

## Article 32

Arabic shall be the official language of the Tribunal.

---

[5] The last sentence in this paragraph is ungrammatical, probably as the result of a typing error. The word لدى must be إحدى. The English translation is based on this assumption.

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

---

## Article 33

No person belonging to the Ba'ath Party may be appointed as a Judge, Investigative Judge, Prosecutor, employee or any of the Tribunal's staff[6].

## Article 34

The expenses of the Tribunal shall be borne by the regular budget of the State

## Article 35

The President of the Tribunal shall prepare an annual report on the Tribunal's work for submission to the Council of Ministers.

## Article 36

The provisions of the Civil Service Law No. 24 of 1960, Personnel Law No. 25 of 1960,   State And Socialist Sector Employees Disciplinary Law No 14 of 1991 and Civil Service Retirement Law No.33 of 1966 shall apply to the Tribunal's employees other than the judges and members of Public Prosecution.

## Article 37

The Statute of the Iraqi Special Tribunal for Crimes Against Humanity, Law No. 1 of 2003, and the Rules of Procedure issued under Article 16 thereof shall be abolished with effect from the date of the coming into force of this Law

## Article 38

All decisions and rules of procedure[7] issued under Law No. 1 of 2003 are considered correct and in accordance with the law[8].

## Article 39

In coordination with the President of the Tribunal, the Council of Ministers shall issue[9] instructions to facilitate the implementation of this Law.

---

[6] A literal rendition of the phrase أي شخص منتمي إلى حزب البعث...
[7] Translated as 'rules of procedure' although the Arabic reads 'orders of procedures'.
[8] It is not clear if 'the law' here means 'this Law'.
[9] A literal rendering would be 'The Council of Ministers, in  coordination with the President of the Tribunal, shall issue…'.

---

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

## Article 40

This Law shall come into force on the date of its publication in the Official Gazette.


| **Jalal Talabani** | **Adil Abd Al-Mahdi** | **Al-Shaikh Ghazi Ajil Al-Yawir** |
|---|---|---|
| **President of the Republic** | **Vice President of the Republic** | **Vice President of the Republic** |

Transl. by the International Center for Transitional Justice (http://www.ictj.org); questions and comments can be sent to mena@ictj.org. April 12, 2006.

*Laws*

## JUSTIFYING REASONS

To expose the crimes committed in Iraq from 17 July 1968 until 1 May 2005 against the Iraqi people and the peoples of the region and the subsequent brutal massacres:

To lay down the rules and punishments to condemn after a fair trial the perpetrators of such crimes for waging wars, genocide, and crimes against humanity; To establish an national Supreme Iraqi Criminal Tribunal made up of Iraqi judges with high experience, competence and integrity, with the power to try these criminals

To reveal the truth, and the agonies and injustice caused by the perpetrators of such crimes;

To protect the rights of many Iraqis, redress injustices committed against them, and demonstrate heaven's justice as the Almighty God wants it to be.

This law has been promulgated.