

# UNITED NATIONS

**Press Release**

---

## UN RIGHTS EXPERT CALLS ON IRAQ NOT TO CARRY OUT EXECUTION OF TAHA YASSIN RAMADAN PURSUANT TO AN UNFAIR TRIAL

13 February 2007

*Philip Alston, the Special Rapporteur on extrajudicial, summary or arbitrary executions, issued the statement that follows today. Mr. Alston is an independent expert appointed by the United Nations Human Rights Council.*

The United Nations expert on extrajudicial executions today called on the Government of Iraq not to proceed with the execution of Taha Yassin Ramadan. Mr Ramadan was convicted together with six co-defendants of involvement in crimes against the civilian population of Dujail and sentenced to life imprisonment. On 26 December the appellate chamber of the Iraqi High Tribunal annulled this sentence as being too light and sent the matter back to the Trial Chamber for reconsideration. On 12 February, 2007 the Iraqi High Tribunal sentenced Mr Ramadan to death by hanging.

Philip Alston, a Professor of Law at New York University and Special Rapporteur of the UN Human Rights Council said that the execution would clearly violate international law. 'The trial of Mr Ramadan was marred by serious irregularities denying him a fair hearing' Alston observed. These included first, executive interference in the removal of the presiding judge at his trial together with statements by senior Government and legislative figures of the guilt of the defendants. Second, glaring procedural flaws at the trial including the reading of 23 prosecution statements into the court record without giving the defendants any opportunity to question them. Third, three defense counsel were murdered during trial proceedings and one was injured.

After the trial was concluded, the right to have one's conviction and sentence reviewed by a higher tribunal appears to have been treated as a mere formality. After receiving the judgement, the defendants had only weeks to prepare their appeal, and the Appeals Chamber of the IHT then disposed of all of the complex issues involved in less than a month. 'This undue haste mocks the due process requirements of international law', Alston said.

In addition, the right of anyone sentenced to death to seek pardon or commutation was openly violated by Article 27(2) of the statute of the IHT, which provides that, "No authority, including the President of the Republic, may grant a pardon or mitigate the punishment issued by the Court."

**Background**

Iraq is a party to the International Covenant on Civil and Political Rights and has a legal obligation to respect its provisions. While the Covenant allows it to retain the death penalty, it prescribes that capital punishment can only be imposed after a trial satisfying the strictest fair trial guarantees. These include the right to a fair and public hearing, the right not to be compelled to confess guilt, and the right to "adequate time and facilities for the preparation of one's defence" with the assistance of a lawyer of ones own choosing. However, by disregarding its legal obligations in the statute establishing the Iraqi High Tribunal (IHT), throughout the trial proceedings and in considering appeals, the Government of Iraq showed contempt for the pleas of the international community that it abide by human rights law.

For Iraq to demonstrate to the international community that it will now take its obligations under international human rights law seriously, will require a change of course. Far-reaching reforms are needed, but a number of basic measures must be taken immediately:

(1) The provisions of the IHT Statute must be immediately amended to ensure their consistency with international law. Especially:

(a) Insofar as it is interpreted to require execution within thirty days of a final judgement, Article 27(2) of the IHT Statute must be amended to ensure that rights to appeal and to seek pardon or commutation are fully respected.

(b) Article 27(2) of the IHT Statute must be amended to permit anyone sentenced to death to petition for pardon or the commutation of sentence, as required by Article 6(4) of the ICCPR.

(c) To ensure the independence of the IHT required by Article 14(1) of the ICCPR, Articles 4 and 33 of the IHT Statute must be amended to eliminate the Government's powers to remove a judge "for any reason" and to selectively remove members of the Ba'ath Party from serving on the IHT or its staff.

(2) The Government must provide effective protection for all participants in criminal proceedings before the IHT — including defense attorneys, judges, prosecutors, and witnesses — in order to ensure the right to life of the participants and the fairness of the trial pursuant to Articles 6 and 14 of the

ICCPR.

(3) The other death sentences inflicted in the Dujail case should be commuted to life imprisonment or other substantial terms of imprisonment. This would prevent more executions on the basis of sentences imposed after a flawed trial, provide time for appeals to be given due consideration and make it possible that these senior members of Saddam's regime be tried for other

Mr. Alston noted that he was aware of the Amicus Curiae application filed by the United Nations High Commissioner for Human Rights and said he was very disappointed that the Tribunal seems to have attached no importance to it.